(127 So. 785)

SMITH v. STATE.

4 Div. 621.

Court of Appeals of Alabama.
April 15, 1930.

498

T. S. Frazer and R. E. L. Cope, Jr., both of Union Springs, for appellant.

Charlie C. McCall, Atty. Gen.; for the State.

BRICKEN, P. J.

Appellant was indicted at the spring term, 1929, for the offense of larceny; the specific charge was that he feloniously took and carried away a hog of the value of $6, the personal property of Sam Spencer. Upon the trial he was convicted of petit larceny, and the jury assessed a fine of $1, to which the court added three months' hard labor for the county. From the judgment of conviction pronounced and entered this appeal was taken. No briefs have been filed on behalf of appellant or by the state. No special charges were requested, nor was there a motion for a new trial. The question of the sufficiency of the evidence to sustain the conviction is not presented.

The points of decision relied upon to reverse are confined solely to the rulings of the court upon the admission of evidence, to which exceptions were reserved. These exceptions appear to be confined to the testimony of witnesses Jake Lindsey and Dennis Morris. Witness Lindsey testified that he went to the home of the defendant about daybreak, the next morning after the alleged larceny is said to have occurred on the evening or night before, and witness was allowed to testify in detail as to a conversation he had with the wife of defendant relative to the hog in question, the defendant at the time being in bed in an adjoining room, and upon inquiry by the court it was shown that there was an open door between the room witness and defendant's wife were in, and the room adjoining where the defendant was in bed sick; also witness stated: "I was talking loud, and he was in the bed in the other room." This conversation was admittedly not in the immediate presence of defendant, but the trial court, over objection and exception, allowed the witness to proceed upon the theory, from the predicate shown, the conversation was within the hearing of defendant. If the conversation was within the hearing of the accused, it would be admissible, otherwise not. Whatever uncertainty which might have existed as to the competency of this evidence was removed by the testimony of the defendant, it being evident therefrom that he not only heard the conversation between his wife and Lindsey, but participated therein. No error in these rulings complained of.

Dennis Morris, the other witness mentioned above, testified that on the next night after the alleged butchering of the hog in question a man came to his house about 11 o'clock, and in his best judgment that man was the defendant, although he could not be positive about it. With this preliminary inquiry the court permitted the witness to testify as to a conversation between witness and the man supposedly this defendant. Several exceptions were reserved to the court's rulings in this connection. We do not regard these rulings as error prejudicial to defendant's substantial rights. Moreover, there was no denial by the defendant, when testifying as a witness in his own behalf, that he was the man who went to the home of witness Morris at the time and place testified to by Morris.

There was evidence tending to show the guilt of this defendant. By his strenuous denial and by other evidence a sharp conflict in the evidence was engendered, thus forming questions of fact for the determination of the jury.

In none of the exceptions do we discover sufficient merit to put the trial court in error. The record also being without error, the judgment of conviction from which this appeal was taken will stand affirmed.

Affirmed.